# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN F. ROGERS,<br><br>                                  Plaintiff,<br>   vs.<br><br>APARTMENT MANAGEMENT CONSULTANTS, LLC,<br><br>                                Defendant. | CASE NO. 11 CV 0438 MMA (WVG)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>[Doc. No. 2] |

      On March 3, 2011, Plaintiff Brian F. Rogers, proceeding *pro se*, filed a purported class action complaint alleging breach of contract, fraud, and misrepresentation. [Doc. No. 1.] Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.]

### MOTION TO PROCEED IFP

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

      In his affidavit, Plaintiff states he is self-employed and receives approximately $1,300 to $1,400 per month in income. [Doc. No. 2, p.2.] Plaintiff reports he has a checking account with a

1  balance of $450, and that he owns a 1987 Honda Accord. [*Id.*] Plaintiff also reports he does not
2  have any debt obligations. [*Id.* at p.3.]

3       A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I.*
4  *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). But "the same even-handed care must
5  be employed to assure that federal funds are not squandered to underwrite, at public expense,
6  either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in
7  material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).
8  The affidavit submitted by Plaintiff in support of his motion to proceed IFP does not demonstrate
9  that he lacks the financial resources or assets to pay the costs of commencing this action.

10      Plaintiff states in his affidavit that he is currently self-employed and receives
11 approximately $1,300 to $1,400 per month from his employment. Further, in addition to
12 Plaintiff's monthly income, he owns his automobile outright, he does not have any outstanding
13 debt obligations, and he has $450 in a checking account. Based on the foregoing, the undersigned
14 finds that Plaintiff has not satisfied the indigency requirements of 28 U.S.C. § 1915(a)(1) and that
15 he is able to pay costs to commence this action.

16                            **CLASS ACTION CLAIMS**

17      As a non-attorney, Plaintiff may appear *pro se* on his own behalf, but he has no authority to
18 appear as an attorney for others than himself. *Johns v. County of San Diego*, 114 F.3d 874, 877
19 (9th Cir. 1997); *see also* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper
20 shall be signed by at least one attorney of record in the attorney's original name, or if the party is
21 not represented by an attorney, shall be signed by the party."). Accordingly, Plaintiff may not
22 bring his claims as a class action.

23
24
25
26
27 / / /
28 / / /

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS** as follows:

(i) Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. No. 2] is **DENIED**;

(ii) Plaintiff shall pay the $350 filing fee within fourteen (14) days of the date of this Order or this action shall be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: March 28, 2011

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge